UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CAPITAL ONE FINANCIAL CORPORATION and CAPITAL ONE, NATIONAL ASSOCIATION,<br><br>　　　　Defendants. | Civil Action No. 1:25-cv-00061-DJN |

**DEFENDANTS' RESPONSE TO ORDER
DIRECTING PARTIES TO FILE POSITION ON CONSOLIDATION**

Defendants Capital One, N.A. ("CONA") and Capital One Financial Corporation ("COFC," and, together with CONA, "Capital One") respectfully submit this statement of their position on whether to consolidate the private plaintiffs' ("Plaintiffs") MDL against Capital One, MDL No. 1:24-md-3111, with the enforcement action against Capital One filed by the Consumer Financial Protection Bureau ("CFPB"), No. 1:25-cv-61, and the impact of consolidation on the existing schedule. *See* ECF 57.[1]  Capital One believes that consolidation is warranted to coordinate fact discovery, including document production and depositions, which would help avoid duplication and inefficiency and position all parties to participate in a global mediation on equal footing. These matters, however, should not be consolidated for all purposes, because

---

[1] Unless otherwise indicated, ECF citations are to the MDL docket (No. 1:24-md-3111).

complete consolidation would entail delay, risk substantial prejudice to the parties, and likely cause juror confusion.

Capital One met and conferred separately with counsel for both the MDL Plaintiffs and the CFPB several times over the past two weeks to ascertain whether there might be common ground on consolidated fact discovery, including a plan under which each Capital One witness would only be deposed once. No party has disagreed with the principle that fact witnesses should only be deposed once in discovery. Moreover, all parties have agreed that, although these claims should be mediated together, they should not be consolidated for most other purposes.

Capital One believes that all parties need to be on the same factual footing to avoid inefficiency and have a meaningful mediation. Capital One submits that it is possible for the parties to efficiently proceed in litigation and engage in meaningful mediation without disturbing the existing MDL deadlines, and respectfully requests that the Court adopt the schedule attached as Exhibit A.

## BACKGROUND

The MDL began with the filing of the *Savett* action in July 2023. *See* No. 1:23-cv-890 ECF 1. In the following months, other Plaintiffs filed duplicative class actions against Capital One. After the Judicial Panel on Multidistrict Litigation consolidated numerous lawsuits against Capital One, Plaintiffs filed a consolidated amended complaint ("CAC") on July 1, 2024. *See* ECF 10. The CAC asserts, on behalf of a putative nationwide class, claims for breach of contract against CONA and for violations of the Virginia Consumer Protection Act ("VCPA") against COFC. *Id.*

2

at 52–56. It also asserts, on behalf of putative state-specific subclasses, claims under various state consumer protection statutes. *Id.* 56–94.[2]

Capital One moved to dismiss the CAC, and in November 2024, this Court granted in part and denied in part Capital One's motion, dismissing four of the CAC's twenty-three counts and allowing the others to proceed. ECF 50. The Court held that any claims based on (1) mandating a certain interest rate or (2) alleged omissions by Capital One would be preempted by the National Bank Act, but that other claims were not preempted. *See* ECF 49 at 20, 26, 28 n.6, 56 n.13. The Court entered a detailed scheduling order, culminating in a jury trial in *Savett* and *Hopkins* beginning with jury selection on July 18, 2025. ECF 26 at 1.

Consistent with that schedule, fact and expert discovery in the MDL are well underway. Both the MDL Plaintiffs and Capital One have served and responded to written discovery and have substantially completed their document productions, and Capital One has deposed several named Plaintiffs. The MDL Plaintiffs have asked to depose eleven current or former Capital One employees, and Capital One is presently identifying dates for those depositions in late March, April, or early May so that those depositions will be completed by the May 7 fact discovery deadline. Expert discovery in the MDL is advanced. MDL Plaintiffs served their expert disclosures on January 21, and Capital One's expert disclosures are due February 18. Between then and the March 21, 2025 deadline for *Daubert* motions, the parties must depose the experts. The scheduling order also requires the parties to file dispositive motions and participate in a mediation by May 17, 2025. *See* ECF 26 at ¶¶ 9, 20(a).

---

[2] The consolidated complaint also asserted claims for unjust enrichment and promissory estoppel, ECF No. 10 at 94–96, which this Court has since dismissed, ECF No. 50.

3

On January 14, 2025, the CFPB filed an enforcement action against Capital One.  *See* No. 1:25-cv-61 ECF 1 ("CFPB Compl."). Before filing its lawsuit, the CFPB investigated Capital One's practices, including by serving a civil investigative demand ("CID") on Capital One on August 1, 2024. The CID called for the production of documents in response to ten separate document requests, written responses to seven interrogatories, and the production of two written reports with eighteen subparts. Capital One made rolling productions to the CFPB that encompassed, among other things, nearly 9,000 pages of account agreements, marketing materials, and other similar documents, along with many millions of electronic records reflecting customers' account histories as far back as 2019, including their monthly balances and interest rates. Capital One's productions to the CFPB were complete before document production in the MDL began.

Although the CFPB's complaint is predicated on a similar factual foundation relating to Capital One's 360 Savings and 360 Performance Savings accounts, its claims depart significantly from those in the CAC. Three of the CFPB's claims have no parallel to the claims in the MDL: Count 1 (Abusiveness), Count 4 (Truth in Savings Act), and Count 5 (Consumer Financial Protection Act). While the other two claims for deception resemble certain claims in the MDL, the elements of proof differ between the two cases. Because Capital One waived service of the CFPB's complaint, its first responsive pleading is not due until March 17, 2025. *See* No. 1:25-cv-61 ECF 3.

On January 15, 2025, this Court ordered the parties to provide, by February 5, 2025, their positions on (1) "whether the . . . matter[s] should be consolidated" and (2) "[w]hat would be the impact on the existing schedule set forth by the Court."  ECF 57.

On February 4, 2025, the CFPB filed an emergency motion seeking to temporarily stay the deadline to provide its position on consolidation and the related hearing set for February 28, 2025.

4

*See* No. 1:25-cv-61 ECF 13. The Court granted the parties an extension of the deadline to file their positions on consolidation until February 14, 2025, but otherwise denied the CFPB's emergency motion. *See* No. 1:25-cv-61 ECF 14.

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) states that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A court considering whether cases should be consolidated under Rule 42(a) must "determine whether the specific risks of prejudice and possible confusion from consolidation [are] overborne by the risk of inconsistent adjudications…[;] the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits;" and other efficiency concerns. *Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) (internal quotation marks omitted).

## ARGUMENT

Because the claims asserted in both cases are based on similar factual allegations related to Capital One's 360 Savings and 360 Performance Savings accounts, consolidated fact discovery—either with or without a brief delay of the MDL schedule—makes sense. The CFPB possesses robust pre-litigation investigative authorities, including the power to compel testimony and the production of interrogatory answers, written reports, and documents. *See* 12 U.S.C. § 5562(c). Through the exercise of that power and owing to Capital One's cooperation in its investigation, the CFPB obtained considerable documents and information from Capital One related to its putative claims before it initiated this lawsuit and before document production in the MDL began. Having conducted its pre-litigation investigation and decided to sue Capital One, the CFPB should be in a position to participate in depositions of Capital One's fact witnesses that will not start for another two months.

Although the overlap in factual allegations supports consolidation of the CFPB and MDL cases for the purpose of coordinating fact discovery, the legal distinctions between the two lawsuits—and the MDL's more advanced procedural posture—counsel against complete consolidation. As a result of those distinctions, along with the more advanced procedural posture of the MDL, consolidating these cases for all purposes, including trial, risks juror confusion and prejudice to the parties while offering little or no improvement to efficiency. During the parties' meet and confer discussions, counsel for both the CFPB and MDL Plaintiffs agreed with Capital One that those differences militate against consolidation. Capital One accordingly submits that these matters should be consolidated for fact discovery and mediation on the current MDL schedule, before proceeding on separate tracks for expert discovery and trial should the cases not settle.

### I. Overlapping factual issues warrant consolidation for the purpose of completing fact discovery.

Consolidating fact discovery, including document discovery and the depositions of Capital One witnesses, would serve the goal of efficiency because the facts alleged in the CAC and the CFPB Complaint substantially overlap. A consolidated approach to depositions would reduce the burden on individual witnesses, who otherwise might be required to appear multiple times to testify on the same facts. *See Campbell*, 882 F.3d at 74; *cf. Cabrera v. Bd. of Educ. of Albuquerque Pub. Sch.*, 2021 WL 131460, at *2 (D.N.M. Jan. 14, 2021) ("Because the claims against each Defendant are intertwined, two discovery tracks would necessarily increase costs and the likelihood of duplicative discovery by, for instance, potentially subjecting Plaintiffs and other witnesses to two depositions."); *see also In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 174 (D.D.C. 2009) ("Concurrent discovery is more efficient when bifurcation 'would result in

6

significant duplication of effort and expense to the parties.'" (quoting Manual for Complex Litigation (Fourth) § 11.213)).

Importantly, consolidation for fact discovery would achieve efficiency goals without materially delaying the progress of either case. Among other things, any motion by Capital One to dismiss the CFPB's complaint could be briefed while consolidated discovery is underway. In addition, the CFPB's understanding of the facts is considerably advanced compared to that of a similarly positioned ordinary civil litigant, because the CFPB has the benefit of an investigation that began at least in August. Before filing its complaint just a few weeks ago, the CFPB had received thousands of pages of Capital One documents, hundreds of millions of data points across Capital One's 360 Savings and 360 Performance Savings account customers, and detailed answers to numerous interrogatories. Moreover, Capital One is willing to produce to the CFPB the production it made in the MDL (excepting only the Plaintiff-specific documents, which are not relevant to the CFPB's claims). Given that depositions of Capital One witnesses will not start until late March or April, the CFPB should be ready and able to participate without delaying the MDL schedule. Further, because it is not realistic to resolve these cases short of a global resolution involving all the parties, it is imperative that the CFPB proceed with the case it filed and align itself with a consolidated fact discovery schedule that will result in a global mediation.

## II. Complete consolidation would result in delay, prejudice, and confusion.

Consolidation should extend no further than coordinated fact discovery. Complete consolidation would delay the MDL action significantly without countervailing efficiency benefits and create a serious risk of prejudice and confusion. The MDL and the CFPB case are in very different procedural postures. The oldest of the matters in the MDL has been pending since mid-2023. The parties have briefed and the Court has decided a motion to dismiss the MDL Plaintiffs' CAC. Written and document discovery are substantially complete and Plaintiff-specific

depositions are underway. In addition, the MDL Plaintiffs served their opening expert reports on January 21, and Capital One's expert reports are due February 18. The CFPB's case, in contrast, was filed only weeks ago, and Capital One's response to the complaint is not due until mid-March. Although aligning fact discovery, and particularly depositions of Capital One's witnesses, would be beneficial, trying to completely "sync up" the MDL and the CFPB case would delay the MDL.

Consolidation is also unwarranted, because the legal claims in these two matters are materially distinct. The CFPB asserts several different claims, and even when it asserts claims based on theories similar to those in the MDL (e.g., deception), it must prove elements that the MDL Plaintiffs need not prove. Similarly, the CFPB bases its claims of deceptive acts and practices in part on alleged omissions. *See* CFPB Compl. ¶ 103. But MDL Plaintiffs *cannot* ground their claims on omissions, because this Court has already held that "any of Plaintiffs' claims based on alleged omissions would stand preempted" by the National Bank Act. ECF No. 49 at 56 n.13; *see also id.* at 26, 28 n.6 (citing *Murr v. Cap. One Bank (USA), N.A.,* 28 F. Supp. 3d 575, 583 (E.D. Va. 2014)).

Below, Capital One discusses in greater detail why consolidation of the remaining phases of the MDL with the CFPB action would risk prejudice and confusion rather than foster efficiency.

### A. Expert discovery and *Daubert* motions

Expert testimony aims to "assist the trier of fact to understand the evidence or to determine a fact in issue." *ePlus Inc. v. Lawson Software, Inc.*, 946 F. Supp. 2d 449, 452 (E.D. Va. 2013) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993)). That will mean different things in these cases. For example, expert opinions on class-certification elements like predominance are irrelevant to the CFPB's claims. Additionally, MDL Plaintiffs have served their expert reports already, and Capital One's are due on February 18, 2025. The CFPB will need to

8

start from square one with its own experts, and Capital One will need to evaluate whether to retain additional experts for the CFPB case or ask its existing MDL experts to supplement their reports for the CFPB case. In either event, consolidating the expert phases of the two cases would delay the progress of the MDL and undercut any possible efficiency gains.

### B. Dispositive motions

Consolidating the two cases for purposes of dispositive motions similarly is not warranted. Again, the two cases present distinct legal issues, which "counsels denial of . . . consolidation." *Williams v. Big Picture Loans, LLC*, 2020 WL 1855194, at *3 n.3 (E.D. Va. Apr. 13, 2020). Meanwhile, practical challenges abound. The Court has already decided Capital One's motion to dismiss in the MDL, *see* ECF 49, so there can be no complete synchronization of pleading-stage motions in the two cases. Similarly, the parties in the MDL are on track to brief summary judgment on schedule in May and June, but adherence to a similar schedule in the recently-filed CFPB action is impossible because it will take time to brief and resolve a motion to dismiss and conduct expert discovery, such that consolidation of dispositive motions would result in delay.

### C. Trial

Consolidating these matters for trial is particularly unwarranted, and it is Capital One's understanding from its meet-and-confer discussions that none of the parties—MDL Plaintiffs, CFPB, or Capital One—is advocating for that here. The risk of confusion would be acute. For example, the CFPB may seek to establish liability based on Capital One's alleged omissions, CFPB Compl. ¶ 103, while, as noted, MDL Plaintiffs cannot base their claims on any such omissions, ECF No. 49 at 56 n.13. Notwithstanding the Court's efforts to instruct the jury otherwise, there is a substantial risk that jurors will blur evidence of purported omissions (on which they can base liability only for the CFPB's case) with evidence of purported affirmative misrepresentations (on

which liability could be based in both cases). *See Steves & Sons, Inc. v. JELD-WEN, Inc.*, 252 F. Supp. 3d 537, 549–50 (E.D. Va. 2017) (declining to consolidate trials even where "many of the same witnesses will testify" because of "the differences in the elements as between the claims and the counterclaims and the defenses and the evidence related to them").

The risk of prejudice to the parties is similarly grave, and it goes both ways. The juror confusion mentioned above would prejudice Capital One if it led to the jury basing liability in both cases on omissions. Trying both cases together would also risk an appearance that the federal government has given its "seal of approval" to the MDL Plaintiffs' claims. At the same time, consolidation would also risk prejudice of a different sort by not permitting the CFPB full control of its own case and by subjecting the CFPB to potential negative bias if the jury finds that some or all of the MDL Plaintiffs are not credible. *See In re Am. Express Anti-Steering Rules Antitrust Litig.*, 2014 WL 558759, at *2 (E.D.N.Y. Feb. 11, 2014) (noting that not permitting private plaintiffs to try their case alongside the government "ensures the Government full control of its enforcement action, avoids prolonging and confusing the Government's case with collateral side issues, and focuses the fact-finder's attention on the public interest presumably being advanced by the Government"). Similarly, trying the cases together may limit MDL Plaintiffs' ability to fully control their case.

Although consolidation for trial theoretically offers some efficiency benefits, such as avoiding witnesses having to testify in two trials, efficiency concerns overall favor separate trials. First, a consolidated trial no doubt will be substantially longer than either case alone. *See Steves & Sons, Inc.*, 252 F. Supp. 3d at 551 (noting the "efficiencies in trial presentation and case management" from separate trials). Moreover, absent consolidation, the outcome of the MDL trial could serve as a bellwether for, or otherwise facilitate the efficient resolution of, the CFPB's case.

*See, e.g.*, *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1258 (11th Cir. 2021) (explaining that government entities including the CFPB settled enforcement actions against Equifax because resolution of private litigation provided sufficient redress); *Williams*, 2020 WL 1855194, at *3 (noting that it may be more efficient to deny consolidation so that the more advanced case could "serve as a bellwe[]ther case and thus . . . facilitate easier and faster disposition").

In short, any efficiency benefits of consolidation for trial are outweighed by competing inefficiency concerns, the acute risk of juror confusion, and unfair prejudice to the parties. *See Campbell*, 882 F.3d at 74 ("Of course, regardless of efficiency concerns, consolidation is not appropriate if it would deny a party a fair trial."); *see also Steves & Sons, Inc.*, 252 F. Supp. 3d at 551 (separate trials "of necessity, will lead to some inefficiency, but that is a small price to pay for establishing a structure in which a jury can give each side a fair trial on very different cases, each of which is of great significance to both sides"). The cases should therefore not be consolidated for trial; nor does Capital One understand any party to be advocating for full-blown consolidation.

## CONCLUSION

For the reasons set forth above, Capital One requests that the Court consolidate the MDL and CFPB cases for fact discovery under the existing MDL schedule, or make only a modest extension of the MDL schedule to accommodate the CFPB. This will allow the parties to efficiently complete fact discovery by May 7, 2025, and participate in a global mediation by May 17, 2025. In case helpful to the Court, Exhibit A to this pleading reflects the proposed schedule that Capital One respectfully asks this Court to adopt. This schedule contemplates that both the MDL and CFPB case proceed promptly, consolidates fact discovery, ensures a global mediation where all parties have the same factual basis, and sets forth timely but realistic deadlines for expert discovery, *Daubert* motions, dispositive motions, and trial in the CFPB case.

Respectfully submitted this 5th day of February, 2025.

    */s/ Ryan Scarborough*
Ryan Scarborough (VSB No. 43170)
Enu Mainigi (*pro hac vice*)
Jesse Smallwood (*pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
680 Maine Ave. SW
Washington, DC 20024
Tel.: (202) 434-5000
Fax.: (202) 434-5029
rscarborough@wc.com
emainigi@wc.com
jsmallwood@wc.com

*Counsel for Defendants Capital One Financial Corp. and Capital One, N.A.*

12

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2024, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

                                                                                                     */s/ Ryan Scarborough*